**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4290**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

KELLY DENISE BRADLEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:15-cr-00045-WO-1)

Submitted: January 30, 2018               Decided: February 13, 2018

Before GREGORY, Chief Judge, and TRAXLER and KEENAN, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Sandra Jane Hairston, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelly Denise Bradley pled guilty to possession of marijuana, 21 U.S.C. § 844(a) (2012), and was sentenced to a three-year term of probation. Her probation officer charged her with three violations of probation. Bradley admitted the violations at a hearing; the district court revoked Bradley's probation and sentenced her to three months' imprisonment followed by one year of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether Bradley's sentence is reasonable. Bradley has not filed a pro se supplemental brief, and the Government has declined to file a brief. We dismiss the appeal in part and affirm in part.

During the pendency of this appeal, Bradley completed her term of incarceration and began serving her term of supervised release. We may address sua sponte whether an issue on appeal presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017) (internal quotation marks omitted). Because Bradley has satisfied the imprisonment portion of her sentence, there is no longer a live controversy regarding the length of her confinement. Therefore, we dismiss as moot counsel's challenge to the three-month prison term. *See United States v. Hardy*, 545 F.3d 280, 283-84 (4th Cir. 2008).

We do have jurisdiction, however, to review the district court's imposition of the one-year term of supervised release. Our review has convinced us that this aspect of Bradley's sentence is not plainly unreasonable, either procedurally or substantively, s*ee*

2

*United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) ("A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release"); *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007) (reviewing "probation revocation sentences, like supervised release revocation sentences, to determine if they are plainly unreasonable"), and that the district court was authorized to impose the one-year term of supervised release. *See* 18 U.S.C. § 3583(b)(3) (2012).

We therefore dismiss the appeal as moot to the extent Bradley challenges her sentence of imprisonment and affirm the district court's judgment in all remaining respects.

This court requires that counsel inform Bradley, in writing, of the right to petition the Supreme Court of the United States for further review. If Bradley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bradley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*